**Slip. Op. 00-87**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: RICHARD W. GOLDBERG, JUDGE**

<table>
<tr><td>

ASOCIACION DE PRODUCTORES DE
SALMON Y TRUCHA DE CHILE AG,

     Plaintiff,

        v.

UNITED STATES INTERNATIONAL
TRADE COMMISSION,

     Defendant,

COALITION FOR FAIR ATLANTIC
SALMON TRADE,

     Defendant-Intervenor.

</td><td>

Court No. 98-09-02759

</td></tr>
</table>

Arnold & Porter, (Michael T. Shor and Kevin T. Traskos) for plaintiff Asociacion de Productores de Salmon y Trucha de Chile AG.

Lyn M. Schlitt, General Counsel, Office of the General Counsel, U.S. International Trade Commission; James A. Toupin, Deputy General Counsel, Office of the General Counsel, U.S. International Trade Commission; Tina Potuto, Attorney, Office of the General Counsel, U.S. International Trade Commission, for defendant.

Collier, Shannon, Rill & Scott, PLLC, (Michael J. Coursey, Kathleen W. Cannon, and John M. Herrman) for defendant-intervenor Coalition for Fair Atlantic Salmon Trade.

**ORDER**

In the original remand order the Court instructed the United States International Trade Commission ("Commission") to "verify

the accuracy of its foreign production, shipments and capacity data" and to "take any action necessary after reexamining the foreign production, shipments and capacity data." <u>See</u> <u>Asociacion de Productores de Salmon y Trucha de Chile AG v. United States International Trade Commission et al.</u>, Court No. 98-09-02759, Slip Op. 99-58 (July 2, 1999) ("<u>Remand Order</u>").

The Court finds that the Commission did not follow the Court's guidelines contained in the <u>Remand Order</u>. Specifically, upon remand the Commission has neither verified the accuracy of the 1998 production data for the consolidated subject producers nor, according to Chairman Bragg's own explanation, adjusted the 1998 production data for the consolidated subject producers. <u>See</u> <u>Fresh Atlantic Salmon From Chile</u> (Views on Remand), Investigation No. 731-TA-768 (Remand), USITC Pub. 3244 (Oct. 1999) at 19 n.76("<u>Views on Remand</u>").

The Court orders the Commission to either (1) adjust the 1998 production data for the consolidated subject producers or (2) justify the determination that the 1998 production data is, as is, the best information available to it. Thus, it is hereby

**ORDERED** that the Commission's determination, <u>Views on Remand</u>, is remanded in conformance with this order;

**ORDERED** that Commission shall, within thirty (30) days of the date of this Order, issue a remand determination.

**ORDERED** that the parties may, within ten (10) days of the date on which the Commission issues its remand determination, submit memoranda addressing the Commission's remand determination, not to exceed five (5) pages in length; and it is further

**ORDERED** that the Commission may, within ten (10) days of the date on which memoranda addressing the Commission's remand determination are filed, submit a response memorandum, not to exceed five (5) pages in length.

_____

Richard W. Goldberg
JUDGE

Dated:     July 27, 2000
           New York, New York